STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW LIAO (CABN 271219)
Assistant United States Attorney

     150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5063
FAX: (408) 535-5081
andrew.liao@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **CR 22-70030-MAG** |
|     Plaintiff, | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
|     v. | |
| ARTHUR ISMAEL ARELLANO MORALES, | |
|     Defendant. | |

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on January 13, 2022, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

    ☐    Indictment

    ☐    Information

    ☐    Criminal Complaint

    X    Other (describe): Petition for Offender Under Supervision

pending in the Southern District of California, Case Number 17-CR-3570-MMA (*see* attached).

    The maximum term of imprisonment upon revocation is 5 years.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

STEPHANIE M. HINDS
ACTING UNITED STATES ATTORNEY

Date: January 13, 2022

_/s/_____
ANDREW LIAO
Assistant United States Attorney

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

Arthur Ismael Arellano Morales

**WARRANT FOR ARREST**

**Case Number:**  17-cr-03570-MMA-1

## NOT FOR PUBLIC VIEW

To:    The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ Arthur Ismael Arellano Morales
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
☐ Pretrial Violation

charging him or her with  (brief description of offense):
See above

In violation of Title_____ See Above _____ United States Code, Section(s) _____

John Morrill
Name of Issuing Officer

s/ R. Chapman
Signature of Deputy

Clerk of the Court
Title of Issuing Officer

4/28/2021 San Diego, CA
Date and Location

Bail fixed at $ _____ NO BAIL _____    by _____ The Honorable Michael M. Anello
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

Case 3:17-cr-03570-MMA   Document 35 (Court only)   Filed 04/28/21   PageID.99   Page 1
Case 3:22-mj-70030-MAG   Document 1   Filed 01/13/22   Page 4 of 10
of 7

PROB 12C
(06/17)

April 27, 2021
pacts id: 4086613

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Arthur Ismael Arellano Morales (English)          **Dkt No.:** 17CR03570-001-MMA

**Reg. No.:** 64858-298

**Name of Sentencing Judicial Officer:** The Honorable Michael M. Anello, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony.

**Date of Sentence:** April 2, 2018

**Sentence:** 36 months' custody, five (5) years' supervised release. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Modification:** On March 5, 2021 conditions were modified to include: Reside at a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** July 2, 2020

**Asst. U.S. Atty.:** Steven A. Peak          **Defense Counsel:**          Frank Morell
                                                                            (Appointed)
                                                                            619-498-0667

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

Case 3:17-cr-03570-MMA  Document 35 (Court only)  Filed 04/28/21  PageID.100  Page 2
Case 5:22-mj-70030-MAG  Document 1  Filed 01/13/22  Page 5 of 10
of 7

PROB12(C)

Name of Offender: Arthur Ismael Arellano Morales

April 27, 2021

Docket No.: 17CR03570-001-MMA

Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|

**(Mandatory Condition)**

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

1. On or about August 3, 2020, and January 11, 2021, Mr. Arellano used a controlled substance, marijuana, as evidenced by his written admission on August 3, 2020, and January 12, 2021.

2. On or about February 4, 2021, Mr. Arellano used a controlled substance, marijuana, as evidenced by the urine sample he submitted at the U.S. Probation Office on that date, which confirmed positive for marijuana metabolite.

***Grounds for Revocation:*** As to allegation 1, on August 3, 2020, and January 11, 2021, Mr. Arellano submitted urine samples in the District of Nevada, which screened positive for the presence of marijuana. On August 3, 2020, and January 12, 2021, Mr. Arellano signed a written admission for noting marijuana use on or about the dates the samples were submitted.

As to Allegation 2, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Arellano on February 4, 2021, confirmed positive for marijuana metabolite.

**(Special Condition)**

Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

3. On or about April 12, 2021, Mr. Arellano absconded from Core Civic, a Residential Reentry Center (RRC), without permission of the probation officer.

***Grounds for Revocation:*** As to Allegation 3, Mr. Arellano was supervised in the District of Nevada since July 24, 2020. However, on February 4, 2021, the District of Nevada closed interest in Mr. Arellano's case as he submitted a third urinalysis which confirmed positive for marijuana metabolite and failed to sustain stability in their district. Mr. Arellano had limited housing options, so to address his instability and ongoing substance abuse, on March 5, 2021, conditions were modified to include placement at an RRC. Mr. Arellano was directed to return to the Southern District of California by April 1, 2021.

On April 2, 2021, Mr. Arellano arrived at Core Civic, an RRC. On April 12, 2021 at approximately 2:01 p.m., I received notification from Core Civic staff advising Mr. Arellano left the facility, as his phone was not approved to be used at the facility. Thereafter, staff confirmed Mr. Arellano never returned to the facility and was placed on abscond status. On April 13, 2021, the undersigned spoke with Mr. Arellano who indicated he traveled to San Jose, California, and is now residing there with his girlfriend.

Case 3:17-cr-03570-MMA Document 35 (Court only) Filed 04/28/21 PageID.101 Page 3
Case 5:22-mj-70036-MAG Document 1 Filed 01/13/22 Page 6 of 10
of 7

| **(Standard Condition)** | |
|---|---|
| The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer. | 4. On or about April 12, 2021, Mr. Arellano left the federal judicial district without permission from the court or the probation officer. |

**_Grounds for Revocation:_** As to allegation 4, on April 12, 2021, the undersigned received correspondence from Core Civic, an RRC in San Diego, California, that Mr. Arellano left the facility without approval and never returned. On April 13, 2021, the undersigned spoke with Mr. Arellano who indicated he traveled to San Jose, California, and is residing there with his girlfriend. Mr. Arellano did not have permission of the court or probation officer to travel to the Northern District of California.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Arellano's adjustment to supervision has been poor. Although he maintains contact with this officer and has reportedly obtained employment in San Jose, California, Mr. Arellano has chosen to do things his own way without approval of the court or probation office. As noted, Mr. Arellano was given the opportunity to reside in the District of Nevada shortly after his release from custody, but he was never able to gain stability. Due to his instability, he was directed to return to this district, and on April 2, 2021, Mr. Arellano returned to San Diego and entered Core Civic. On the same date, Mr. Arellano submitted a urine sample at the RRC which screened positive for marijuana metabolite; however, the results of the test were not alleged herein as they were never discussed with Mr. Arellano.

On April 12, 2021, at approximately 10:00 a.m., the undersigned spoke with Mr. Arellano who requested to transition his supervision to San Jose, California to live with his girlfriend. Mr. Arellano's request for transfer was denied as he failed to show stability while under supervision; however, it was a request that was willing to be considered in the future. Further, Mr. Arellano was asked to provide the details for his girlfriend's residence in San Jose, California so a relocation investigation could be conducted later, but he took it upon himself to move to San Jose without the completion of a transfer investigation by the Northern District of California.

While attempts were made to address Mr. Arellano's violations with lower-level sanctions, he appears unconcerned with following the Court's orders.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Arellano is a 26-year-old man. He and his girlfriend have one child together and he is reportedly residing with his girlfriend in San Jose, California. Mr. Arellano states he is currently employed as a cook at a local restaurant.

Mr. Arellano began using marijuana at age 12 and has categorized his use as "daily." Further, he first used cocaine at age 13 and experimented with methamphetamine at age 14 or 15. Mr. Arellano disclosed he first began abusing prescription drugs at age 13. Mr. Arellano's criminal history is limited to hit and run causing property damage and driving without a license.

Case 3:17-cr-03570-MMA Document 35 (Court only) Filed 04/28/21 PageID.102 Page 4
Case 5:22-mj-70036-MAG Document 1 Filed 01/13/22 Page 4 of 10
of 7

Name of Offender: Arthur Ismael Arellano Morales

Docket No.: 17CR03570-001-MMA

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (marijuana use, absconding from the RRC, and leaving the judicial district without permission) constitute Grade C violations. USSG §7B1.1(a)( 3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an imprisonment range of 3 to 9 months. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

### JUSTIFICATION FOR BENCH WARRANT

Mr. Arellano absconded from the RRC and traveled to the Northern District of California without permission of the court or probation officer. This conduct coupled with his ongoing abuse of illicit drugs, confirms Mr. Arellano as a risk of nonappearance and danger to the community. Therefore, the issuance of a bench warrant appears to be the appropriate course of action at this time.

Case 3:17-cr-03570-MMA Document 35 (Court only) Filed 04/28/21 PageID.103 Page 5
Case 5:22-mj-70030-MAG Document 1 Filed 01/13/22 Page 8 of 10
of 7

PROB12(C)

Name of Offender: Arthur Ismael Arellano Morales                                  April 27, 2021
Docket No.: 17CR03570-001-MMA                                                             Page 5

## RECOMMENDATION/JUSTIFICATION

Mr. Arellano's actions confirm he is choosing when and how he wishes to comply with the Court's order. After attempting to regain his compliance through a public law RRC placement, Mr. Arellano again breached the Court's trust, as he absconded from the RRC placement and is now residing in another federal judicial district without permission of the court or probation officer. This behavior is concerning and reflects a complete disregard of the Court's orders.

Should the Court find Mr. Arellano in violation of his conditions of supervised release, it is recommended that his term be revoked, and Mr. Arellano be sentenced to six (6) months' custody. Additionally, 48 months of supervised release is recommended with the same conditions as previously imposed, including a non-punitive RRC condition.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** __April 27, 2021__

Respectfully submitted:                                   Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER


by _____                  _____
John H. Moore                                             Kasey M. McCoskery
U.S. Probation Officer                                 Supervisory U.S. Probation Officer
(619) 409-5127

PROB12CW                                                                                      April 27, 2021

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**   Arellano Morales, Arthur Ismael

2. **Docket No.** (Year-Sequence-Defendant No.):   17CR03570-001-MMA

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| <u>Violation(s)</u> | <u>Grade</u> |
|---|---|
| leaving the federal judicial district without permission | C |
| absconding from the RRC. | C |
| marijuana use | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                         [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                              [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                      [   3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:**  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

Case 3:17-cr-03570-MMA   Document 35 (Court only)   Filed 04/28/21   PageID.105   Page 7
Case 5:22-mj-70030-MAG   Document 1   Filed 01/13/22   Page 10 of 10
of 7

PROB12(C)

Name of Offender: Arthur Ismael Arellano Morales

Docket No.: 17CR03570-001-MMA

April 27, 2021

Page 7

## THE COURT ORDERS:

___X___    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE NO-BAIL BENCH WARRANT AND THIS PETITION TO BE SEALED FOR OTHER THAN LAW ENFORCEMENT PURPOSES AND UNTIL SUCH TIME THAT THE SUBJECT HAS BEEN ARRESTED AND THE WARRANT DULY EXECUTED.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____

_____

_____       April 28, 2021

The Honorable Michael M. Anello          Date

Senior U.S. District Judge

*jt*